**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **DWIGHT WILLIAMS et al.,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | **No. 08-1979** |
| **v.** | : | |
| | : | **CLASS ACTION** |
| **CITY OF PHILADELPHIA et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

---

**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS – SUPPLEMENTAL
MEDICAL AND MENTAL HEALTH REQUESTS**

Plaintiffs request pursuant to the Federal Rules of Civil Procedure that the City defendants respond to the following requests for production of documents.

**INSTRUCTIONS AND DEFINITIONS**

(a)     All discovery requests are to be regarded as concerning past and present incidents, activities, and practices.

(b)     The singular form should be taken to include the plural, and vice versa.

(c)     Wherever "you," "defendant," "City of Philadelphia," "City," or similar term is used, it should be taken to include all employees, officers, co-workers, and agents of any defendant.  "Agent" is used in a broad sense to include anyone acting on behalf or in the interest of, whether directly or indirectly, openly or covertly, or with or without compensation.

(d)      These discovery requests are deemed to be continuing, and defendants have the duty to supplement the responses.  *See* Fed. R. Civ. P. 26(e).

(e)      If any form of privilege or other protection from disclosure is claimed as a ground for withholding a document or responsive information contained in a document, set forth with respect to the document, the date, title, identity of the author, subject matter (without revealing the

information for which the privilege is claimed), and each and every fact or basis on which you claim your privilege with sufficient specificity to permit the Court to make a determination as to whether the claim of privilege is valid.

(f)     The term "document" shall refer to all writings and material of any kind, including, but not limited to, orders, instructions, reports, directives, summaries, interviews, complaints, statements (whether signed or unsigned), transcripts, regulations, memoranda, notes, correspondence (including electronic mail and SMS text messaging correspondence), computerized data or records, diagrams, maps, and drafts.  "Document" also refers to records including, but not limited to, photographs, microfilm, videotape, audiotape, motion pictures, and any other originals and copies.

(g)     The terms "correctional officers" shall refer to officers, employees, or supervisors of the Philadelphia Prison System ("PPS"), of whatever rank or assignment.

## REQUESTED DOCUMENTS

1.     The following tracking logs from July 1, 2013 to October 1, 2013 organized by housing area: Medical Reception, Intrasystem Transfer, Chronic Disease, Urgent/Emergent Care, and Nurse and Provider Sick Call Logs or the equivalent.

2.     Laboratory indicators for all testing performed from September 1, 2013 to November 30, 2013 in the following areas: hemoglobin A1C, CD4 cell count, HIV viral load, INR, serum phenytoin and carbamazepine levels.  Responsive information should contain the name of the patient, the patient's PPS number, the date of the testing, and the testing result.

3.     Pharmacy printouts of patients on asthma/COPD, diabetes, hypertension, HIV, anticoagulation, seizure, and cancer medications for September 1 through November 30, 2013.

4.     Specialty Appointment Tracking log for the period of April 1 2013 to October 31, 2013 by housing location. The information should contain each inmate's name, PPS number, date of birth, reason for specialty service, date scheduled and date completed.

5.     Infirmary tracking logs from April 1, 2013 to October 31, 2013. The information should include each inmate's name, PPS number, DOB, reason for admission and date of discharge.

6.	Tracking logs or list of patients sent to the emergency department/hospitalized from April 1, 2013 through December 1, 2013. The information should include inmate name, PPS number, DOB, reason for ED visit or hospitalization, date of admission and discharge.

7.	Entire patient health records for all inmates who died while in custody from January 2012 to December 1, 2013.

8.	Mortality and sentinel event reviews for deaths that occurred in custody from January 2012 to December 1, 2013

9.	All information concerning Corizon staffing patterns, including allocated positions and positions actually filled.

10.	MHM staffing distribution service area for specialty care, the number of counselors and psychiatric hours assigned to transitional units and acute care units, and the average daily inmate census per unit.

11.	A current caseload list of all inmates on the male and female transitional units and acute care units listed by name, PPS number and DOB.

12.	The log for mental health requests for services for all sites for the month of September, 2013 with inmate name, PPS number and date of request.

/s/ David Rudovsky
David Rudovsky
I.D. No. 15168

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg
I.D. No. 88227

Kairys, Rudovsky, Messing & Feinberg, LLP
718 Arch Street, Suite 501S
Philadelphia, PA  19106
(215) 925-4400

/s/ David Richman
David Richman
I.D. No. 04179

/s/ Matthew Janssen
Matthew Janssen
I.D. No. 91490

Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

/s/ Su Ming Yeh
Su Ming Yeh
I.D. No. 95111

/s/ Angus Love
Angus Love
I.D. No. 22392
Pennsylvania Institutional Law Project
718 Arch Street, Suite 304S
Philadelphia, PA 19106
(215) 925-2966

/s/ Robert W. Meek
Robert W. Meek
Disability Rights Network of Pennsylvania
1315 Walnut Street, Suite 500
Philadelphia, PA  19107
(215) 238-8070

DATE: December 12, 2013

**EXHIBIT B**

| | |
|---|---|
| DWIGHT WILLIAMS; ANTHONY OUELLETTE; KOLEYON PHILLIPS; ANTHONY DIGGS; KENNETH SMITH; EDWARD ZAMICHIELI; LOUIS EUBANKS; JAMES SAUNDERS; THOMAS SCOTT; SHANNON BOLLI; and MARISOL LOPEZ, on behalf of themselves, and all others similarly situated, Plaintiffs, | Civil Action No: 08-01979 |
| -vs- | |
| CITY OF PHILADELPHIA; LOUIS GIORLA, in his official capacity as Commissioner, Philadelphia Prisons, Defendants | |

## PROTECTIVE ORDER

This Protective Order is entered into on this _____ day of February, 2014, for the

purpose of protecting the parties, their counsel and, non-parties Corizon Health, Inc., formerly

known as Prison Health Services, Inc. ("Corizon") and MHM Services, Inc. ("MHM"), from

future liability relating to the Court-ordered release of confidential inmate patient health and

mental health information contained in documents, requested by plaintiffs' counsel from the

defendant City of Philadelphia. These documents are or may be in the possession of Corizon,

and/or MHM, and/or the City of Philadelphia and, and/or counsel for the City of Philadelphia,

Archer & Greiner, P.C., all of which are considered to be "covered entities" as defined by the

Health Insurance Portability and Accountability Act of 1996, "HIPAA". This Protective Order is

1

intended to cover all "protected health information" as that term is defined by HIPAA that has been or will be requested by the parties to this litigation.

The inmate patient medical records, mental health records, and other documents containing information, described in HIPAA as "protected health information," from the inmate patients' medical and other records, are protected from unauthorized disclosure by HIPAA. That act contains regulations at 45 C.F.R § 164.512, which allow for the production of patient medical information, under certain circumstances, without the patient's authorization of the release of the information.

Additionally, added protection for patient mental health medical records is set forth by the Pennsylvania statute known as the Mental Health Procedures Act ("MHPA"), 50 P.S. § 7111, which protects prohibits unauthorized disclosure of mental health information. Under, the MHPA, medical records referring to mental health information may be released pursuant to a Court Order. 55 Pa. Code § 5100.35.

Pursuant to HIPAA, protected health information may be disclosed without an individual's written authorization pursuant to the regulations concerning the discoverability of patient medical records set forth at 45 C.F.R § 164.512(e), as follows:

A covered entity may use or disclose protected health information without the written authorization of the individual, as described in § 164.508, or the opportunity for the individual to agree or object as described in § 164.510, in the situations covered by this section, subject to the applicable requirements of this section.

**(e) Standard: Disclosures for judicial and administrative proceedings.**

(1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:

(ii) In response to a **subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court** or administrative tribunal, if:

(B) The covered entity receives satisfactory assurance, as described in paragraph **(e)(1)(iv)** of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a **qualified protective order** that meets the requirements of paragraph (e)(1)(v) of this section.

(v) For purposes of paragraph (e)(1) of this section, a qualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:

(A)  Prohibits the parties from using or disclosing the protected health information for any purpose other than the captioned litigation or proceeding for which such information was requested, and

(B)  Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

**THEREFORE, THIS PROTECTIVE ORDER**:

(A) Prohibits the parties or their counsel from using or disclosing the protected health information for any purpose other than the captioned litigation or proceeding for which such information was requested; and distribution of the documents are limited to only those persons who need to handle or read the documents in the instant lawsuit and,

(B) Requires the return to the covered entities or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

(C)     Requires the defendants and non-parties Corizon Health, Inc., and MHM, and their counsel to produce requested individual inmates' protected health information that would otherwise require a specific class member to sign a HIPAA compliant authorization allowing for the release of his/her personal protected health information.

(D)  Requires the defendants and non-parties Corizon Health, Inc., and MHM, and their counsel to produce information that would otherwise be protected from disclosure under the Mental Health Procedures Act, 50 P.S. § 7111, subject to the provisions in ¶¶ (A) and (B).

This Protective Order is signed by counsel for the parties' counsel and by counsel for non-parties Corizon Health, Inc., and MHM, and is submitted to the Court for approval and signature.


**KAIRYS RUDOVSKY, MESSING & FEINBERG LLP**


BY:_____
        JONATHAN H. FEINBERG
        Attorney for Plaintiffs

**ARCHER & GREINER, P.C.**

BY:_____
     JEFFREY M. KOLANSKY
     JEFFREY M. SCOTT
     Attorneys for Defendants
     City of Philadelphia and Commissioner Louis Giorla

**PHILADELPHIA DISTRICT ATTORNEY'S OFFICE**

BY:_____
     BJ GRAHAM-RUBIN
     Attorney for Defendant
     Philadelphia District Attorney's Office

**O'CONNOR KIMBALL LLP**

BY:_____
     STEPHEN E. SIEGRIST
     Attorney for Non-Party
     Corizon Health, Inc.

BY:_____

     Attorney for Non-Party
     MHM Services, INC

BY THE COURT:

_____
**R. BARCLAY SURRICK, U.S.D.J.**

10680546v6

5

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Inmates of the Northumberland    :
County Prison, through Scott Collins, :
et al,                           :      CIVIL NO. 4:08-CV-00345
          Plaintiffs      :
                           :      JUDGE JOHN E. JONES, III
      v.                  :
                           :
Ralph M. Reish, in his official    :      COMPLAINT FILED: 2/25/08
capacity as Warden of           :
Northumberland County Prison,  :
et al,                           :
          Defendants   :

## STIPULATED PROTECTIVE ORDER

The named Plaintiffs have submitted a request for production of documents in this action which seeks the medical, dental, and mental health records (hereinafter referred to as "medical records") of all inmates who currently are or have been incarcerated in the Northumberland County Prison since January 1, 2006. Because the dissemination of these records is governed by the federal HIPAA and state privacy statutes, there is a need to regulate their production, maintenance, and use while this case is being litigated and to establish a procedure for disposing of the

materials at the conclusion of the lawsuit. With these objectives in mind, the parties agree to the following protocol and to the issuance of a court order incorporating its terms:

1.    The parties agree that a protective order is necessary to comply with the requirements of the Health Insurance Portability and Accountability Act of 1996 and Pennsylvania confidentiality statutes; to facilitate the discovery of inmate medical records without document-by-document controversy concerning confidentiality; and to protect the inmates from undue annoyance and/or embarrassment resulting from public disclosure or use of such confidential information for purposes other than this litigation.

2.    For purposes of this protective order, the term "confidential information" refers to health information contained in the inmates' medical records as well as information regarding requests for or receipt of treatment contained in other Northumberland County Prison or contract health provider documents.

3.    The Defendants are hereby authorized to release to Plaintiffs' counsel confidential information pertaining to the inmate class.   Such disclosures by Defendants or their attorneys shall be deemed authorized by law.

4.    The documents governed by this protective order are in the inmates' medical records which shall be treated in their entirety as "confidential".

2

5.     If Plaintiffs' counsel disagree that a particular document or set of documents contains "confidential information" within the meaning of this protective order, they may challenge the designation by notifying defense counsel in writing of their position. The parties shall confer within ten (10) days of such notice in an effort to resolve their differences. In the event the dispute is not resolved at that juncture, Plaintiffs may move the Court for an order that the designated documents (or portions thereof) shall not be protected by this Order. Should Plaintiffs file such a motion, they shall bear the burden of establishing that the information designated as confidential does not warrant protection. Any challenged documents (or portions thereof) shall be treated as confidential and subject to the terms of this protective order pending resolution by further order of the Court.

6.     Nothing in this protective order shall require the production or disclosure of any documents or information not covered by the order to which the Defendants, under applicable law or rules of this Court, may assert a privilege.

7.     Persons receiving or obtaining access to confidential information covered by this protective order may only use such information for purposes of this litigation and for no other purpose.

8.     Confidential information covered by this protective order may not be given, shown, made available, discussed, or otherwise communicated in any form to persons to whom disclosure is not authorized herein, in the absence of a release

3

signed by the inmate to whom the information pertains unless the name of the inmate and other identifying information have been redacted.

9.    In the event any party in this litigation wishes to submit or refer to confidential information in a motion, other pleadings, briefs, at trial, during other evidentiary proceedings, or in the context of oral argument, the names and identities of the inmates to whom the information relates must be redacted and a numerical or other form of code shall be used when referring to the inmates in question, unless the inmate has agreed to the use of his or her name or identity.  Nothing in this paragraph shall preclude any party from submitting un-redacted medical records under seal.

10.    Access to or disclosure of confidential information shall be limited to: (a) the United States District Court for the Middle District of Pennsylvania; (b) the Third Circuit Court of Appeals (if this case is appealed); (c) Court Personnel; (d) counsel for the Plaintiffs and their employees; (d) the Plaintiffs in this litigation, and (e) counsel for the Defendants and their employees; (f) the Defendants in this litigation; (g) experts or consultants retained by the respective parties in this litigation; and (h) persons employed by such experts or consultants.  Nothing in this paragraph shall prohibit the medical staff from the Northumberland County Prison from having access to and/or using the medical records in the normal course of business at the Prison.

11.    All experts, consultants, and employees retained by the parties in this litigation shall be informed that their access to and use of the confidential information in question is governed by the terms of this protective order; shall be given a copy of this protective order prior to receiving such information; and must sign a statement promising to comply with the provisions of this order prior to receiving such information.

12.    In the event either party wishes to disclose confidential information covered by this protective order to any persons other than those specified herein, that party's counsel must first inform opposing counsel of that fact and seek his or her written permission to do so. If the opposing counsel consents to disclosure of the information to such additional person(s), counsel for the requesting party must obtain a signed statement from that person stating that he or she will comply with the provisions of this protective order on the form attached as Exhibit A prior to making the disclosure. If opposing counsel does not consent to the disclosure, the requesting party may petition the Court for permission to disclose the information to the additional person(s) but shall not be transmit the information without first obtaining such permission.

13.    Nothing in this Order shall bar or otherwise restrict Plaintiffs' counsel from rendering advice to their clients based upon counsel's examination of the confidential information.

5

14.     No un-redacted copies of the confidential information shall be distributed to or shown to any inmate or other person not specified in paragraph # 10 above, unless the person to whom the confidential information pertains agrees to such distribution or viewing.

15.     Those portions of Court filings (including deposition transcripts attached to Court filings and exhibits associated with such filings) which contain confidential information shall be filed under seal, unless the names of the inmates to whom the information pertains have been redacted.

16.     As noted, un-redacted documents and material containing confidential information shall be treated as confidential at trial, unless the inmate to whom the information pertains authorizes the use of his or her name in conjunction with those documents / materials. Where such authorization has been given, nothing in this agreement shall preclude any inmate from testifying about anything related to his or her treatment.

17.     Prior to trial, the parties may agree upon or the Court may prescribe a method or methods for preserving the confidentiality of the information governed by this protective order at trial either through the redaction of names and use of a numerical code or in some other way.

18.     Within thirty (30) days of the conclusion of this litigation (whether by settlement or by a judgment that has become non-appealable), all medical, dental,

6

and mental health records and other confidential materials produced in conjunction with this protective order (as well as all copies thereof) shall be returned by Plaintiffs' counsel to Defendants' attorneys. All counsel of record who have received such documents shall make certification of compliance herewith and shall deliver the same to counsel for the Defendants not more than sixty (60) days after final termination of this litigation.

19.   The Plaintiffs have submitted a request for production of non-medical records for these same inmates. Those non-medical records may contain confidential information including, but not limited to: inmate Social Security numbers, contact information for next of kin, and other confidential information. Any such confidential information shall be redacted from the copy provided to Plaintiffs' counsel.

20.   This stipulation and protective order shall remain in effect until such time as it is modified, amended or rescinded by the Court and shall survive termination of this action. The Court shall have continuing jurisdiction to modify, amend, or rescind this stipulation and protective order notwithstanding the termination of this action.

21.   By stipulating to the entry of this protective order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in the order. Similarly, no party waives any right

7

to object on any grounds to the use of confidential information as evidence in the litigation of this matter.

22.   The Court retains the right to allow the disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

23.   This Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof.  This Agreement may be modified only by a further writing that is duly executed by both parties and approved by the Court.

Date: April 24, 2009                   */s/ Jere Krakoff*
                                       Jere Krakoff, Esquire
                                       P. O. Box 111331
                                       Pittsburgh, PA  15238
                                       (412) 613-4393
                                       krakofflaw@comcast.net
                                       Attys for Plaintiffs

Date: April 24, 2009                   */s/ Jennifer Tobin*
                                       Jennifer Tobin, Esquire
                                       Pennsylvania Institution Law Project
                                       718 Arch Street, Suite 304 South
                                       Philadelphia, PA  19106
                                       (215) 925-2966 – phone
                                       jtobin@pailp.org
                                       Attys for Plaintiffs

Date:  April 24, 2009

/s/ Frank J. Lavery, Jr.
Frank J. Lavery, Jr., Esquire
Lavery, Faherty, Young & Patterson, P.C.
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (telephone)
flavery@laverylaw.com
Attys for Defendants

Date:  April 24, 2009

/s/ Robert G. Hanna, Jr.
Robert G. Hanna, Jr., Esquire
Lavery, Faherty, Young & Patterson, P.C.
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (telephone)
rhanna@laverylaw.com
Attys for Defendants

**APPROVED BY:**

John E. Jones, III
U.S. District Judge

DATED:  4·27-09

9