**KAIRYS, RUDOVSKY, MESSING & FEINBERG LLP**

David Rudovsky
Paul Messing
Jonathan Feinberg
Ilene Kalman (1985-1996)
David Kairys
   Of Counsel
Tanya Alexander
   Office Manager

Law Offices
The Cast Iron Building
718 Arch Street
Suite 501 South
Philadelphia, PA 19106

Phone  (215) 925-4400
Fax     (215) 925-5365
jfeinberg@krlawphila.com

July 30, 2014

*Via ECF*
Honorable R. Barclay Surrick
United States District Court
601 Market Street
Philadelphia, PA 19106

      Re:    *Williams et al. v. City of Philadelphia et al.*, No. 08-1979

Dear Judge Surrick:

The Court presently has before it briefing on two related discovery issues arising from the claims of non-party Corizon Health, Inc., that (1) plaintiffs are barred under the Mental Health Procedures Act from receiving records related to the treatment of members of the plaintiff class and (2) that plaintiffs are barred by a peer-review privilege from receiving, among other things, documents produced as a part of Philadelphia Prison System mortality investigations. Corizon's objections have prevented plaintiffs from receiving a large quantity of records and documents which are critical to plaintiffs' claims related to the delivery of medical and mental health care in the PPS and which will require substantial time for plaintiffs' experts to review.

We write now to provide the Court with additional authority on the second issue outlined above, regarding the peer-review privilege. The attached decision in the matter of *Byrd v. Crews*, No. 4:14-cv-25, slip op. (N.D. Fla. June 6, 2014), was issued after plaintiffs' submission of briefing on the peer-review issue. The decision provides confirmation that the "better view" as to the application of a peer review privilege in federal court is that a mortality report "is not privileged." *Id.* at 3 (citing *Adkins v. Christie*, 488 F.3d 1324, 1326 (11th Cir. 2007); *Jenkins v. DeKalb County*, 242 F.R.D. 652, 659 (N.D. Ga. 2007); *Virmani v. Novant Health Inc.,* 259 F.3d 284, 293 (4th Cir. 2001); *Mem'l Hosp. for McHenry Cnty. v. Shadur*, 664 F.2d 1058, 1063 (7th Cir. 1981)).

Accordingly, consistent with this authority and with the authority cited in plaintiffs' earlier submissions, we respectfully request that the Court enter an Order directing Corizon to produce all materials requested by plaintiffs.

Additionally, once the Court rules on these matters, we respectfully request that the Court convene a status conference to address an amended discovery schedule to allow for further proceedings consistent with the Court's discovery rulings.

_____

Thank you for your attention to this matter.

                                        Respectfully submitted,


                                        /s/ Jonathan H. Feinberg
Jonathan H. Feinberg
David Rudovsky
Kairys, Rudovsky, Messing & Feinberg, LLP
718 Arch Street, Suite 501S
Philadelphia, PA  19106
(215) 925-4400

Robert W. Meek
Disability Rights Network of Pennsylvania
1315 Walnut Street, Suite 500
Philadelphia, PA  19107
(215) 238-8070

David Richman
Matthew Janssen
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

Angus Love
Su Ming Yeh
Pennsylvania Institutional Law Project
718 Arch Street, Suite 304S
Philadelphia, PA 19106
(215) 925-2966

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SALLEE BYRD, as Personal Representative
of the ESTATE OF RICHARD JOHNSON,
on behalf of the Estate and the Survivors,
Sallee Byrd and Chester Johnson II,

      Plaintiff,

v.                                      CASE NO.  4:14cv25-RH/CAS

MICHAEL D. CREWS, as Secretary of the
Florida Department of Corrections, and
WILLIAM CHURCHWELL and JEFFERY
POPE, in their individual capacities,

      Defendants.

_____/

### ORDER COMPELLING PRODUCTION
### OF THE MORTALITY REPORT AND
### GRANTING LEAVE TO FILE THE
### SECOND AMENDED COMPLAINT

This case arises from the death of an inmate in the Florida Department of Corrections.  In the first amended complaint, the inmate's personal representative alleges that the death was caused by correctional officers' failure to protect the inmate from a fellow inmate's assault and by correctional officers' delay of medical care.  The personal representative seeks relief under 42 U.S.C. § 1983, based on violations of the Eighth Amendment, and under the common law of

Florida. The defendants are the Secretary of the Florida Department of Corrections and individual officers.

The defendants inadvertently produced to the plaintiff during discovery the report of a "mortality review"—that is, the report of an investigation of the death conducted by the Department of Corrections. The defendants assert that the mortality report is privileged. They have demanded its return.

The plaintiff has moved for an order compelling production of the mortality report. And, using information the plaintiff gleaned from the mortality report before the defendants asserted it was privileged, the plaintiff has moved for leave to file a second amended complaint. The defendants oppose both motions.

The defendants say the mortality report is not relevant. But that cannot be so. Relevance is not a demanding standard. *See* Fed. R. Evid. 501. I have not reviewed the mortality report, but one could not conduct a review of this death without addressing many if not all of the very facts at issue.

The defendants say the mortality report suggests subsequent remedial measures that will be inadmissible. *See* Fed. R. Evid. 407. If that is so, evidence of the measures will be excluded. But that does not mean the mortality report is not discoverable, or that the rest of the report will not be admissible.

The only real question is privilege. The law governing the privilege issue tracks the law governing the substantive claims. *See* Fed. R. Evid. 501. Thus on

Case No. 4:14cv25-RH/CAS

the § 1983 claim, privilege is governed by the federal common law of privilege. On the Florida common law claim, privilege is governed by state law. This could mean that the jury will have to consider different evidence on the federal and state claims. But this makes no difference for discovery purposes; a party may obtain discovery of evidence that is nonprivileged on, and relevant to, either claim. *See* Fed. R. Civ. P. 26(b)(1).

There are authorities that support each side of the question whether the mortality report is privileged under federal law. The better view is that the report is *not* privileged. *See Adkins v. Christie*, 488 F.3d 1324, 1326 (11th Cir. 2007) (holding a medical peer-review report not privileged in a case alleging discrimination in the peer-review process itself); *Jenkins v. DeKalb County, Ga.*, 242 F.R.D. 652, 659 (N.D. Ga. 2007) (Thrash, J.) (holding a mortality report not privileged in a § 1983 case brought by a prisoner's estate); *see also Virmani v. Novant Health Inc.*, 259 F.3d 284, 293 (4th Cir. 2001) (holding a medical peer-review report not privilege in an employment-discrimination case); *Mem'l Hosp. for McHenry Cnty. v. Shadur*, 664 F.2d 1058, 1063 (7th Cir. 1981) (same in a case alleging antitrust violations in the peer-review process). The state has chosen, in cases governed by state law, to give primacy to the significant interests that support a peer-review privilege, but when, as here, federal constitutional rights are at issue, the overriding consideration is the search for truth—the strong interest in

making available every person's evidence.  *See, e.g., United States v. Nixon*, 418 U.S. 683, 710 (1974) ("[E]xceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth.").

This order therefore grants the motion to compel, allowing the plaintiff to use the mortality report in this lawsuit.  But the order does not award attorney's fees against the defendants; though incorrect, their position was substantially justified.  The order restricts use or further disclosure of the report.

The order also grants the motion for leave to file the second amended complaint.  At this early stage of the litigation, there is no reason—other than the now-rejected privilege claim—to block the amendment.

For these reasons,

IT IS ORDERED:

1.	The plaintiff's motion, ECF No. 14, for leave to file the second amended complaint is GRANTED.  The second amended complaint, ECF No. 14-1, is deemed filed as of June 16, 2014.

2.	The plaintiff's motion, ECF No. 16, to compel production of the report of the mortality review is GRANTED.  The plaintiff may use the mortality

review for purposes of this litigation only.  The plaintiff must not use or disclose the mortality review other than for purposes of this litigation.

SO ORDERED on June 13, 2014.

s/Robert L. Hinkle<br>United States District Judge